## In re AUSTIN.
### Patent Appeal No. 3220.

Court of Customs and Patent Appeals.
Feb. 26, 1934.

───────

L. L. Townshend and A. R. Townshend, Jr., both of Washington, D. C. (J. Calvin Brown, of Los Angeles, Cal., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent upon certain claimed improvements in pistons for use in internal combustion engines. As amended, six claims were presented, all of which were rejected by both the Examiner and the Board of Appeals by reference to Hater, 1,656,482, of January 17, 1928, and Austin, 1,659,799, of February 21, 1928.

The Board of Appeals, in its decision, admitted that the appealed claims did not read on the references, but was of opinion that said claims defined only "obvious variations of the reference structures."

Claims 1 and 6 are illustrative, and are as follows:

"1. A piston having a head grooved for piston rings and a skirt peripherally separated from each other provided with longitudinal bosses having wrist pin holes, and with slides on its sides opposite to the axis of the wrist pin holes; and provided between the longitudinal slides with arcuate wrist pin relief recesses surrounding the pin holes; the lateral edges of the slides being arcuate in form so that the skirt has arcuate recesses on each side around the pin holes, from slot to slot.

"6. A piston provided with longitudinal slides terminally expanded at the piston skirt ends and each having an intermediate neck the opposite edges of which are symmetrically arcuate, so that the slides are of reduced width at the middle of the skirt and will have wide bearing surfaces at the ends of the skirt where the slides practically encircle the skirt; the longitudinal edges of said slides being of an approximately semicircular form so that the middle of the necks are uniformly spaced from the holes for the piston rod pin giving a better balance for the piston,

and resulting in a reduction of the tendency of the piston and cylinder to become scored."

The Solicitor for the Patent Office thus describes appellant's structure:

"The application relates to pistons and discloses a piston comprising a head 1, and a skirt 2 peripherally separated from each other by a slot 3, and joined together by columns 4, depending from the piston head 1, and connected to wrist pin bosses 8, formed in the skirt 2. Horizontal slots 6 are formed in the piston skirt 2 below the pin bosses 8, and these slots are intercepted by vertical slots or gaps 20. The piston skirt 2 is provided with recesses or relieved portions 18, in the zone of the wrist-pin bosses and the sides of the said relieved portions 18 are arcuate and define the longitudinally extending sides of the 'slides' 13, as clearly illustrated in Fig. 1. The relieved portions 18 terminate at the top in the annular slot 3 and at the bottom in the arcuate slots 6. At the open end of the piston the 'slides' 13 extend circumferentially below the arcuate slots 6 and terminate at the gaps 20, thereby forming semicircular oppositely disposed 'slides.' The center of curvature of the longitudinal sides of the 'slides' 13 is on the axis of the wrist pin and it follows therefrom that the narrowest portion of the 'slides' will be on a horizontal plane through the axis of the wrist pin. The applicant has termed the narrow portion of the slide an 'intermediate neck' and has used this terminology in claiming the same. In Figs. 4 and 5 there are illustrated pin relief portions 21, offset internally to form what appellant terms 'thin internal reinforcements' for the skirt."

An examination of the patent to Hater discloses a somewhat different structure. The head and skirt portions of Hater's piston are not divided by a peripheral slot extending entirely around the piston. Thus heat from the head of the piston will be directly conducted to the skirt. In addition, Hater's wrist pin bosses are located in approximately the median horizontal line of the piston and at the upper side of the relieved portions of the piston. The application of appellant here shows these wrist pin bosses to be in approximately the median horizontal line of the relieved portions. Furthermore, Hater shows his relieved portions to be keystone shaped, with the greatest width of the keystone at the upper margin of the skirt of the piston. It, therefore, follows that the narrowest portion of the slides of his piston are in the horizontal axial line of the wrist pin.

The former patent to the applicant Austin discloses a piston comprising a head and a skirt, peripherally separated from each other by a slot, and joined together by columns depending from the piston head, and connected to wrist pin bosses in the skirt. Horizontal slots are formed in the piston skirt below the pin bosses, and these slots are interrupted by vertical slots or gaps.

The problem which the appellant had to solve was to prevent, so far as possible, rocking and slapping of the piston within its cylinder. It was known to the art that heat generated within the wrist pin bearing would be transmitted to the skirt, and, if there was not a sufficient distance between the wrist pin bosses and the portions of the piston which constituted the slide, warping and injury to the slide surface of the skirt would result. It was also known that the wear upon the upper surface of the slide portion of the piston would be greater than that of the bottom portion, as the upper surface received less lubrication. Consequently, wear was greater at that portion. These problems were met by the appellant with the structure he has here devised, by forming the relieved portion between the slots in an arcuate form. He was able to, and did, remove the wrist pin bosses as far as possible from the median or narrow portion of the slides, and, at the same time, by his peripheral extensions at top and bottom of the slides, made a bearing upon the cylinder walls which extended over 90 degrees at the top of the slide, and approximately 180 degrees at the bottom thereof. While Hater discloses the removal of the slide portions of the piston from the wrist pin bosses, in accordance with this desired end, he does not retain the increased bearing area of the slides above the wrist pins, as is shown by the appellant here in his application.

The Solicitor for the Patent Office agrees that neither of the references disclose appellant's exact device, but he is of opinion that the holding of lack of invention in modifying the Austin piston by relieving the piston around the piston pin openings is correct, notwithstanding that the shape of the sides of Hater's relieved portions are not identically the same as those of appellant. We are unable to come to this conclusion. It is apparent, from the drawings and specification of the appellant, and the references, that the result accomplished by appellant's new form of piston is novel and useful, and we are unable to see wherein it is not inventive. The line of demarcation between what is, or what is not, inventive, is sometimes hard to

discern. Here, however, the appellant has produced, in this highly specialized and developed art, something new and useful which the prior art has not produced.

In a somewhat similar case, In re Breer, 55 F.(2d) 485, 486, 19 C. C. P. A. 929, we were considering an application for a patent upon an improved form of piston, and we there said:

"Furthermore, it appears that the general combination involved in the claims in issue, other than the interlocking joint element here in issue, is involved in appellant's copending application. It is conceded that said element is not included in such application, and it would seem that, if the desirability of the interlocking joint in the character of pistons here involved was obvious to one skilled in the art, it would have been so included, because unquestionably such a joint, if disclosed in the earlier application, could have been included in a claim therein as a specific limitation of the combination. The fact that the element here being considered was not included in appellant's prior application does not, in itself, establish that the use of dovetailed or interlocking joints was not obvious to one skilled in the art, but it is a circumstance which may be considered together with the other facts in the case."

This observation is equally true in the case at bar. In our opinion, claims 1 to 6, inclusive, should have been allowed. The decision of the United States Patent Office is, therefore, reversed.

Reversed.